1  ADRIAN M. PRUETZ - State Bar No. 118215
   apruetz@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  JESSICA E. MENDELSON - State Bar No. 280388
   jmendelson@glaserweil.com
4  GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:   (310) 282-6250
   Facsimile:   (310) 785-3550
7  *Attorneys for Plaintiff VIZIO, Inc.*

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                 **WESTERN DIVISION**

12

13

| | |
|---|---|
| VIZIO, INC.,<br>a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>VIZO, INC.<br>a Delaware corporation,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR :**<br><br>**1.  TRADEMARK INFRINGEMENT**<br><br>**2.  FEDERAL UNFAIR COMPETITION**<br><br>**3.  CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**4.  CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

Glaser Weil

**COMPLAINT**

Plaintiff VIZIO, Inc. ("VIZIO"), by and through its counsel, submits this Complaint against Defendant Vizo, Inc. ("Vizo" or "Defendant") and alleges as follows:

## PARTIES

1.      VIZIO is a California corporation with its principal place of business at 39 Tesla, Irvine, California, 92618.

2.      On information and belief, Defendant Vizo is a Delaware corporation with its principal place of business at 17 Tremont Street, Cos Cob, Connecticut 06807.

## JURISDICTION AND VENUE

3.      This complaint arises under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq*, as well as the laws of the State of California.  This Court has original jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the California claims alleged herein under 28 U.S.C. § 1367 because they are so closely related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy and derive from a common nucleus of operative facts.

4.      This court has personal jurisdiction over Defendant because, on information and belief, Defendant Vizo targets consumers in this jurisdiction for its products.  Further, a substantial portion of the events giving rise to this action occurred in this district.  Personal jurisdiction and venue are therefore proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5.      VIZIO is a successful Irvine-based consumer electronics company. VIZIO is a leading High Definition television company and is also known for selling a variety of consumer electronics goods, including software, sound bars and other electronic goods. As of October 2014, VIZIO ranked #157 on the Forbes list of America's Largest Private Companies.  And on July 24, 2015, VIZIO filed documents

with the Securities and Exchange Commission for its initial public offering.  VIZIO's products are sold through wholesale clubs, major retailers, and online.

6.      VIZIO owns common law and federally registered trademark rights to the trademark VIZIO, which covers computers and other consumer electronics (U.S. Registration Nos. 4053025 and 3235417).  VIZIO has been using these marks in commerce since March 31, 2004.

7.      VIZIO is also the owner of various federally registered trademarks which specifically cover software.  VIZIO is the owner of the common law and federal trademark rights to "V VIZIO", which protects, among numerous other goods, computer software for use in organizing, transmitting, manipulating, and reviewing text, data, and audio files on portable and handheld digital electronic devices.  This mark is registered before the USPTO as U.S. Registration No. 4621356.  VIZIO's use of this mark has been valid and continuous since April 30, 2009.

8.      VIZIO also owns common law and federally registered trademark rights to the trademark "VIZIO Internet Apps Plus", which protects, among other things, software that may be downloaded via global computer networks and electronic communication networks, namely, gaming software, and software for playing video and audio Internet content.  This mark is registered before the USPTO as U.S. Registration No. 4369035.  VIZIO's use of this mark has been valid and continuous since May 2013.

9.      Collectively, U.S. Registration Nos. 4621356, 4369035, 4053025, and 3235417 are known as the "VIZIO Marks."

10.     Prior to the acts of Defendant, VIZIO has sold a variety of consumer electronics goods in connection with the VIZIO Marks, including software, televisions, and other electronic goods.

11.     As a result of VIZIO's extensive advertising and sales of products bearing the VIZIO Marks, customers recognize, identify and distinguish VIZIO's goods from the goods of others because of the VIZIO Marks.

12.    The VIZIO Marks are symbolic of extensive goodwill and consumer recognition built up by VIZIO through time and effort in advertising and promotion.

13.    The VIZIO Marks are valuable symbols of VIZIO, its quality goods, and the significant customer goodwill that VIZIO has earned over many years in the United States market.

## Defendant's Infringing Conduct

14.    On information and belief, Defendant is a Connecticut based company founded in 2014 by Gillis Baxter and Evan Bloomberg.

15.    The company describes itself as "the easiest and most efficient way to stay informed with all of today's current events from all major publications.  Just five minutes a day with Vizo is all you need to stay on top of the world, bringing depth to your perspective without deep demands on your time.  Vizo sources all of its articles from the globe's top publications like The New York Times, The Wall Street Journal, The Telegraph and The Guardian, and condenses the content into digestible, retainable 400-600 character articles called Glances.  Each Glance is complemented by an engaging image, and provides you with links to full articles from other leading news sources. Vizo delivers the most significant, engaging and current content available straight to your device."

16.    On information and belief, Defendant develops online software, including online downloadable software applications.  Without authorization or permission from VIZIO, Defendant developed, designed, manufactured, marketed, distributed, displayed, used, and/or sold a software application (the "Infringing App") for various devices through Apple's iTunes Store, Google Play, and various other means under the brand "VIZO."

17.    On December 15, 2014, Defendant filed an application for the trademark "VIZO" with the United States Patent and Trademark Office for the VIZO mark (the "Accused Mark") for use with the Infringing App.  This application, listed as USPTO Serial No. 86480162, covers various goods and services, including, but not limited to,

Glaser Weil

1   "software to enable uploading, posting, showing, displaying, tagging, blogging,

2   sharing or otherwise providing electronic media or information over the internet and

3   wireless communication devices, namely, cell phones, personal digital assistants,

4   computers, and wireless handhelds."

5       18.    Although the application for the Accused Mark was filed on an intent to

6   use basis, Defendant has already begun using the Accused Mark in commerce.

7   Consumers in the United States and Israel can download Defendant's Software

8   Application (the "Infringing App") from both the Apple App Store and Google Play



9

10

11

12

13

14

15

16

17

18

19

20  by visiting Defendant's website, as shown above.

21      19.    On information and belief, Defendant has continued to develop, design,

22  manufacture, market, distribute, display, use, and/or sell the Infringing App as at least

23  "VIZO" for various devices through Apple's iTunes Store and Google Play at

24  https://itunes.apple.com/us/artist/vizo-inc/id958674446 and

25  https://play.google.com/store/apps/details?id=com.vizo.news., and other means.

26      20.    On information and belief, Defendant's Infringing App is confusingly

27  similar in name to VIZIO's own products.

28

---

**COMPLAINT**

21.     Defendant's use of the Accused Mark in conjunction with computer software, a product which VIZIO's own marks are registered for, as well as the fact that Defendant offers for sale and sells confusingly similar products to VIZIO's own products, using the same or similar marks, is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the Infringing App sold by Defendant was developed by, designed by, manufactured by, authorized by, or in some manner associated with VIZIO, despite the fact that this is not the case.  The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of the VIZIO Marks has caused irreparable harm to the goodwill symbolized by these marks and the reputation for quality that they embody, in California and in this District.  On information and belief, Defendant has continued to use, offer for sale, and sell the Infringing App, despite the fact that consumers are likely to find it confusingly similar to VIZIO's own products.

22.     On information and belief, Defendant has willfully, intentionally, and maliciously adopted and used the Accused Mark, a confusingly similar imitation of the VIZIO Marks, in connection with their Infringing App.

23.     On information and belief, Defendant advertises the Infringing App for sale in California and nationwide.

24.     On information and belief, Defendant is aware of VIZIO's business activities in California and this District.

25.     On information and belief, Defendant's sales of the Infringing App in California and this District are substantial.

26.     Defendant has used the Accused Mark in interstate commerce by various acts, including, but not limited to, manufacturing, advertising and selling products, such as the Infringing App, in connection therewith in a manner likely to cause confusion, mistake, or deception as to the source, origin, license, or affiliation with VIZIO'S VIZIO Marks.

27.     Defendant's acts have caused damage to VIZIO in an amount to be determined at trial and have caused irreparable injury to the public recognition and goodwill associated with VIZIO's VIZIO Marks.

## COUNT I

## TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. § 1114 *ET SEQ.*

28.     VIZIO realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

29.     Defendant manufactured, marketed, distributed, displayed, and sold, and/or is continuing to manufacture, market, distribute, display and sell the Infringing App in interstate commerce bearing the Accused Mark, which is a confusingly similar imitation of the VIZIO Marks.

30.     Defendant's manufacturing, marketing, distributing, displaying, and selling of the Infringing App and other software in interstate commerce bearing the Accused Mark, which is a confusingly similar imitation of the VIZIO Marks, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by VIZIO, or are associated or connected with VIZIO.

31.     Defendant has used the confusingly similar Accused Mark in violation of 15 U.S.C. § 1114.  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additional injury to VIZIO's goodwill and reputation as symbolized by the registered VIZIO Marks, for which VIZIO has no adequate remedy at law.

32.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with VIZIO's federally registered VIZIO Marks to VIZIO's great and irreparable injury.

33.     Defendant has caused and is likely to continue causing, substantial injury to the public and to VIZIO, and VIZIO is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

## FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125

34.     VIZIO realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

35.     Defendant has been using, offering for sale, and selling products containing the Accused Mark, which is a confusingly similar imitation of the VIZIO Marks, as described in this Complaint, which has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing App is manufactured or distributed by VIZIO, is affiliated, connected, or associated with VIZIO, or has the sponsorship, endorsement, or approval of VIZIO.

36.     Defendant has made false representations, false descriptions, and false designations of VIZIO's goods in violation of 15 U.S.C. § 1125(a).  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to VIZIO's goodwill and reputation as symbolized by the VIZIO Marks, for which VIZIO has no adequate remedy at law.

37.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the VIZIO Marks, to the great and irreparable injury of VIZIO.

38.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to VIZIO.  VIZIO is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees less than 15 U.S.C. §§ 1125(a), 1116 and 1117.

**Glaser Weil**

## COUNT III

## CALIFORNIA STATUTORY UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200

39.    VIZIO realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

40.    Defendant's acts and practices, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200. Defendant has engaged in unlawful, unfair, or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code § 17200.

41.    Defendant intentionally infringed the VIZIO Marks, as alleged above, to purposefully trade off the goodwill and reputation of VIZIO and to confuse and deceive consumers by creating the false and misleading impression that Defendant's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by VIZIO, or are associated or connected with VIZIO.

42.    On information and belief, Defendant performed the acts alleged herein intentionally, for the purpose of injuring VIZIO. The acts alleged herein continue to this day and present a threat to VIZIO, the general public, the trade and consumers.

43.    As a result of Defendant's wrongful acts, VIZIO has suffered and will continue to suffer loss of income, profits, and valuable business opportunities and if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their wrongful acts.

44.    Pursuant to Cal. Bus. & Prof. Code § 17200, VIZIO seeks an order of this Court preliminarily and permanently enjoining Defendant from continuing to engage in the unlawful, unfair, or fraudulent acts or practices set forth herein, as well as restitution or disgorgement of any monies received by Defendant through such acts or practices.

**Glaser Weil**

1                                      <u>COUNT IV</u>

2           <u>**CALIFORNIA COMMON LAW UNFAIR COMPETITION**</u>

3          45.   VIZIO realleges and incorporates by reference each and every allegation

4   contained in the above paragraphs as if fully set forth herein.

5          46.   Defendant intended to use the Accused Mark, a confusingly similar

6   imitation of the VIZIO Marks, in a manner which is likely to confuse and mislead

7   members of the relevant public as to the origin, sponsorship, approval or license of

8   Defendant's products and as to the false association of said products with VIZIO.

9   Defendant's conduct as alleged herein was intended to confuse and mislead members

10  of the public, and members of the public will believe that VIZIO sponsored,

11  approved, or is affiliated with Defendant and that VIZIO originated, approved, or

12  licensed Defendant's products.

13         47.   Defendant's conduct alleged herein infringes VIZIO's Marks and

14  constitutes passing off and common law unfair competition with VIZIO, all of which

15  has damaged and will continue to irreparably damage VIZIO's goodwill and

16  reputation unless restrained by this Court, because VIZIO has no adequate remedy at

17  law.

18         48.   VIZIO has suffered and continues to suffer direct and actual damages as

19  a result of Defendant's Infringing App, including but not limited to lost sales and

20  business opportunities and damage to VIZIO's reputation and VIZIO's Marks.

21  VIZIO is entitled to recover its actual damages as well as Defendant's profits

22  generated from the promotion, distribution, sale, and offer for sale of Defendant's

23  Infringing App.

24         49.   Because Defendant's conduct alleged herein has been intentional,

25  oppressive, malicious, fraudulent, and in willful disregard of VIZIO's rights, VIZIO

26  is also entitled to recover punitive and exemplary damages.

27         50.   VIZIO has suffered, and if Defendant is not enjoined from its wrongful

28  acts of common law trademark infringement, passing off and unfair competition, will

---

**COMPLAINT**

continue to suffer, great and irreparable injury, loss and damage to its rights in and to the VIZIO Marks and the goodwill associated therewith for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, VIZIO respectfully requests that this Court:

a.      enter judgment in favor of VIZIO that Defendant has infringed, and continues to infringe, VIZIO's intellectual property rights, including VIZIO's Marks;

b.      enjoin Defendant, their officers, subsidiaries, agents, servants, employees, and all persons in active concert with any of them, from any further infringement of the VIZIO Marks in any manner, including but not limited to:

1)      using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the VIZIO Marks, the Accused Mark, or any confusingly similar variation thereof;

2)      using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by VIZIO, are sponsored or authorized by VIZIO, or are in any way connected or related to VIZIO;

3)      using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of VIZIO;

4)      passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of VIZIO, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5)      engaging in acts of Federal or California statutory or common law trademark infringement, passing off or unfair competition that would damage or injure VIZIO and/or VIZIO's trademarks, logos, proprietary designs and/or other

intellectual property.

    c.    order Defendant to cease offering for sale, marketing, promoting, and selling, to remove from stores and websites all products bearing the VIZIO Marks, the Accused Mark, or any other confusingly similar variation, which are in Defendant's possession or have been supplied by Defendant or under their authority, to any store or customer, including, but not limited to, any wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

    d.    order Defendant to deliver up for impoundment and for destruction, all apps, labels, tags, signs, advertising, promotional material, software, source code or other materials in the possession, custody, or under the control of Defendant and/or Defendant's downstream distributors, bearing the VIZIO Marks, the Accused Mark or any colorable imitation thereof;

    e.    compel Defendant to account to VIZIO for any and all profits derived by Defendant from the sale or distribution of the Infringing App as described in this Complaint;

    f.    find that Defendant's acts of trademark infringement and unfair competition were knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117;

    g.    award VIZIO damages, including its actual damages, Defendant's profits, treble and punitive damages, pre- and post-judgment interest, enhanced damages and costs, as well as its attorneys' fees and costs, in an amount to be ascertained pursuant to applicable laws, including, without limitation, 15 U.S.C. §1117; and

    h.    grant VIZIO such other relief as the Court deems just and equitable.

Date:  November 23, 2015          Respectfully submitted,

                                   /s/ Erica J. Van Loon
                                  Adrian M. Pruetz
                                  Erica J. Van Loon
                                  Jessica E. Mendelson
                                  GLASER WEIL FINK HOWARD
                                     AVCHEN & SHAPIRO LLP

                                  *Attorneys for Plaintiff VIZIO, Inc.*

## DEMAND FOR JURY TRIAL

VIZIO demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  November 23, 2015                    Respectfully submitted,

                                            /s/ Erica J. Van Loon
                                            Adrian M. Pruetz
                                            Erica J. Van Loon
                                            Jessica E. Mendelson
                                            GLASER WEIL FINK HOWARD
                                               AVCHEN & SHAPIRO LLP

                                            *Attorneys for Plaintiff VIZIO, Inc.*